### WASH HARRIS v. R. G. LASSITER & COMPANY.

(Filed 4 April, 1928.)

**Master and Servant—Master's Liability for Injuries to Servant—Methods of Work.**

> Evidence tending to show that the plaintiff, an employee of defendant, was injured by a heavy curbing stone slipping from the top of a pile of paving blocks, is insufficient to take the case of actionable negligence to the jury and resist defendant's motion as of nonsuit.

APPEAL by plaintiff from *Barnhill, J.,* at September Term, 1927, of DURHAM. Affirmed.

Action to recover damages for personal injury, sustained by plaintiff, while at work as an employee of defendant, caused, as alleged in the complaint, by the negligence of defendant.

From judgment dismissing the action, as upon nonsuit, at the close of plaintiff's evidence, plaintiff appealed to the Supreme Court.

*J. W. Barbee and S. C. Brawley for plaintiff.*
*Fuller, Reade & Fuller and Parham & Lassiter for defendant.*

PER CURIAM. Plaintiff was directed by his foreman to assist other employees of defendant, who were loading on a wagon rock from a pile on a street in the city of Raleigh. The pile of rocks was about 4½ to 5 feet high. It was composed of small paving rock—about the size of a brick. A heavy piece of curbstone was lying on top of the pile. While plaintiff was engaged in his work, the curbstone in some way slipped off the top of the pile, struck plaintiff and crushed his foot. These are all the material facts shown by the evidence.

There was no evidence tending to show a breach of duty on the part of defendant to exercise due care to provide a reasonably safe place for plaintiff to work. In the absence of evidence from which the jury could find that the proximate cause of plaintiff's injury was the negligence of defendant, as alleged in the complaint, there was no error in the judgment dismissing the action as upon nonsuit. The judgment is
Affirmed.